# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RAUSHI TEAREZ TURNER,                )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )    Case No. CIV-18-36-SLP
                                     )
BOARD OF COUNTY COMMISSIONERS        )
OF THE COUNTY OF OKLAHOMA, et al.,   )
                                     )
    Defendants.                      )

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 52] of United States Magistrate Judge Shon T. Erwin recommending that the Motion to Dismiss of Defendant John Whetsel [Doc. No. 35] be granted in part and denied in part. Both Defendant Whetsel and Plaintiff have filed timely objections to the Report and Recommendation. *See* Def. Whetsel's Obj. [Doc. No. 56] and Pl.'s Obj. [Doc. No. 57].

**I.    Introduction**

At all times relevant to the claims alleged, Plaintiff was a pretrial detainee housed at the Oklahoma County Detention Center (OCDC). On October 28, 2015 another inmate, Demetrius Stamps (Stamps), stabbed Plaintiff in the lower right back and the lower right leg. Plaintiff required medical treatment as a result.

At the time of the incident, Defendant Whetsel served as the Sheriff of Oklahoma County. Plaintiff brings a claim against Defendant Whetsel in his individual capacity

pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges Defendant Whetsel failed to protect him from being attacked and stabbed by Stamps. Plaintiff further alleges Defendant Whetsel failed to correct deficiencies at the OCDC that were well-known to him prior to the attack, including a failure to properly train Defendant Scott, the officer who witnessed the attack. And Plaintiff brings a claim under Oklahoma state law against Defendant Whetsel alleging intentional infliction of emotional distress.

Magistrate Judge Erwin recommended that Defendant Whetsel's Motion to Dismiss be denied as to Plaintiff's § 1983 claim and further recommended that Defendant Whetsel's Motion to Dismiss be granted as to Plaintiff's state law claim for intentional infliction of emotional distress.

## II. <u>Objections Raised by the Parties</u>

In his objection, Defendant Whetsel contends that Plaintiff's individual capacity claim is "predicated on a supervisory liability theory" and that Plaintiff "does not challenge a specific policy promulgated, implemented, [or] created by Defendant Whetsel that caused a constitutional harm." Def.'s Obj. at 1. Instead, Defendant argues that Plaintiff impermissibly relies solely upon a "stale" report of the Department of Justice (DOJ) issued in 2008 and a subsequent Memorandum of Understanding (MOU) entered in 2009 to establish the alleged unconstitutional conditions referenced in the report continued to exist at the OCDC in 2015 when the conduct giving rise to Plaintiff's § 1983 claim is alleged to

---

[1] As the Magistrate Judge found, any official capacity claim against Sheriff Whetsel is barred under the applicable statute of limitations. *See* R&R at 4, n. 2. Plaintiff does not challenge this finding in his Objection to the Report and Recommendation.

have occurred. *Id*. at 1-2. Defendant argues Plaintiff's references to the DOJ report and MOU in the Third Amended Complaint [Doc. No. 30] are too vague and conclusory to state a plausible claim for relief against Defendant Whetsel.[2]

Plaintiff objects to Magistrate Judge Erwin's finding that his state law claim against Defendant Whetsel for intentional infliction of emotional distress is untimely. Although Plaintiff concedes he did not timely file his claim within the applicable one-year limitations period, he urges the Court to find equitable tolling of the limitations period is proper.[3]

## III.  Governing Standards

The parties' objections to the Report and Recommendation trigger de novo review by this Court of the proposed findings or recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of the complaint is proper if the plaintiff fails to plead allegations sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).

---

[2] In his Motion to Dismiss Defendant Whetsel also challenged service of process pursuant to Fed. R. Civ. P. 4(m). The Magistrate Judge rejected that challenge. Defendant Whetsel has not objected to the findings of the Magistrate Judge with respect to the Rule 4(m) issue and, therefore, has waived any such objection. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (failure to raise a timely objection to magistrate judge's proposed findings and recommendations waives appellate review of factual and legal questions).

[3] Although Plaintiff raised the issue of equitable tolling in responding to Defendant Whetsel's Motion to Dismiss, *see* Pl.'s Resp. [Doc. No. 44] at 10-11, the Magistrate Judge did not address the issue in the Report and Recommendation.

In reviewing the sufficiency of the allegations, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quotations and citation omitted). A plaintiff must set forth specific factual allegations to support each claim, i.e., "mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quotations and citation omitted). A claim has facial plausibility when the plaintiff had "pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotations and citations omitted).

The Court liberally construes the allegations of a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "this rule of liberal construction stops . . . at the point at which [the court] begin[s] to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## IV. <u>Analysis</u>

### A. Plausibility of Plaintiff's § 1983 Claim Against Defendant Whetsel in his Individual Capacity

Plaintiff's Third Amended Complaint makes several references to "Defendants," collectively, but only specifically references Defendant Whetsel only three times. First, Plaintiff brings the following allegation in paragraph 21:

> Officer Scott acted with the predictable deliberate indifference to the safety of an inmate as a consequence Defendant Wetzel's [sic] pattern and practice of failure to train, staff inmate units sufficiently for effective Unit surveillance given the 'blind spots' identified by the DOJ Investigative Report and known to Defendants to result in delayed response time to inmate-on-inmate violence."

4

Third Am. Compl., ¶ 21. In paragraph 23 of the Third Amended Complaint, Plaintiff further alleges:

> Defendant BOC is responsible for the Constitutionally-sound operation of the Jail. Defendant Sheriff Whetsel, in his administrative capacity, was responsible for the day-to-day operations of the Jail.

*Id.*, ¶ 23. And in support of his claim for intentional infliction of emotional distress, Plaintiff alleges:

> Plaintiff repeatedly wrote requests asking Sheriff Whetsel to move him and to facilitate conversations between Plaintiff and the Jail's Internal Affairs.

*Id.*, ¶ 28.

Plaintiff does not allege that Defendant Whetsel was personally involved in the events giving rise to the incident between Plaintiff and Mr. Stamps on October 28, 2015. Instead, he purports to impose supervisory liability based on a failure to protect theory. To prevail on such a claim, Plaintiff must allege facts showing that: (1) Defendant Whetsel promulgated, created, implemented or possessed responsibility for the continued operation of a policy; (2) the policy caused the complained of constitutional harm; and (3) Defendant Whetsel acted with the state of mind required to establish the complained of constitutional harm. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

The only allegations of any policy relied upon by Plaintiff is his reference to the MOU entered into between the Board of County Commissioners of Oklahoma County (Board) and the DOJ in 2009. The Complaint alleges that "the MOU set out that the DOJ

5

findings were uncontested by the [Board] and that [the Board] would, within a five-year period, correct the violations." Third Am. Compl., ¶ 17.[4]

In objecting to the Report and Recommendation, Defendant Whetsel correctly contends the MOU identifies conditions at the OCDC that existed, at the latest, in 2007. Defendant Whetsel argues that the Third Amended Complaint contains no allegations as to conditions at the OCDC in 2015 at the time of the incident giving rise to Plaintiff's claims. Defendant argues "[t]hese missing and essential facts are necessary to allow the Court to reasonably infer that the same conditions noted in the 2008 DOJ Report still exist[ed] more than eight years later in 2015." Def.'s Obj. at 5-6. Accordingly, Defendant Whetsel seeks dismissal of Plaintiff's § 1983 claim on grounds of qualified immunity.

The Court agrees with Defendant Whetsel. Although the Magistrate Judge based his decision to deny Defendant Whetsel's Motion to Dismiss on *Tafoya v. Salazar*, 516 F.3d 912 (10th Cir. 2008), that case is distinguishable. In *Tafoya*, the Tenth Circuit relied upon deficiencies at a county jail identified by the court in a prior case involving the same jail and brought against the same sheriff as evidence that the sheriff continued to maintain unconstitutional conditions of confinement. The conduct at issue occurred approximately three years after the conduct identified in the prior case. The court deemed this evidence

---

[4] The MOU is not attached to the Third Amended Complaint. However, Plaintiff attached to his Second Amended Complaint the MOU, *see* Doc. No. 6-2, and the DOJ's July 31, 2008 letter, *see* Doc. No. 6-1, setting forth findings as to the OCDC's unconstitutional conditions and the remedial measures to be implemented. Although technically not a part of the current pleading under review, given Plaintiff's pro se status, and his reference to the MOU in the Third Amended Complaint, the Court considers it in addressing the sufficiency of Plaintiff's allegations.

together with continued deficiencies at the jail, for which substantial evidentiary support existed, created disputed issues of material fact as to whether the sheriff was deliberately indifferent to the conditions at the jail. *Id*. at 921.

Here, conversely, Plaintiff alleges no facts identifying deficiencies at the jail at the time of the incident giving rise to his claims. Instead, Plaintiff references the MOU as the basis for factual allegations of unconstitutional conditions at the jail. As set forth, the MOU describes conditions at the jail approximately eight years prior to the incident giving rise to Plaintiff's claim. The Court, therefore, finds the evidence Plaintiff relies upon too remote to support any reasonable inference that those same conditions continued to exist. *Cf. Meadows v. Whetsel*, No. CIV-14-1030-HE, 2015 WL 7016496 at *6 (W.D. Okla. Nov. 10, 2015) (unpublished op.) (rejecting § 1983 plaintiff's reliance upon the same DOJ report, "which was based on tours of the [OCDC] in 2003 and 2007" because it was not "recent enough to be relevant to a determination of whether plaintiff has demonstrated a widespread practice of the use of excessive force that is so common as to constitute a continuing, persistent practice of unconstitutional conduct by the County's employees").[5]

---

[5] By entering into the MOU, Sheriff Whetsel did not admit to any violation of United States or Oklahoma constitutional or statutory law. *See* MOU at 2. Sheriff Whetsel, along with the other signatories to the MOU did, however, agree to improve the safety of the jail including increased supervision to prevent inmate-on-inmate violence and adequate training of jail staff. *See, e.g., id*. at 8, 12. The MOU provides that it is to remain in effect for a period of five years. *Id*. at 32. It further provides that the United States may pursue litigation against the County if the County fails to make a good faith effort to substantially comply with the MOU. *Id*. at 33.

Plaintiff does not allege facts demonstrating the MOU remains in effect or that the United States has pursued any litigation arising out of the MOU. Plaintiff alleges in wholly conclusory fashion that "inmate-on-inmate violence at the Jail persists, and suicides increased exponentially between 2015 and 2016." Third Am. Compl., ¶ 18. And, Plaintiff alleges the "DOJ requested to further investigate and tour the Oklahoma County Jail" but that the Board "refused to admit the United States Department of Justice into the Jail by [Board] vote in their October 2017 meeting."

7

Because Plaintiff alleges no other facts upon which to base allegations of Whetsel's continued operation of an unconstitutional policy, Plaintiff states no plausible claim for relief against Defendant Whetsel. Absent the facts relied upon in the MOU, Plaintiff's allegations "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quotations omitted). Because Plaintiff has failed to allege facts demonstrating the violation of his constitutional rights, Defendant Whetsel is entitled to qualified immunity. *See Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016) (to overcome the defense of qualified immunity a plaintiff must allege facts demonstrating that the defendant violated his constitutional or statutory rights). Therefore, the Court finds dismissal of Plaintiff's § 1983 individual capacity claim against Defendant Whetsel is proper.[6]

### B. Plaintiff's State Law Claim for Intentional Infliction of Emotional Distress is Time-Barred and Plaintiff Has Not Shown Grounds for Equitable Tolling

Magistrate Judge Erwin determined Plaintiff's claim for intentional infliction of emotional distress against Defendant Whetsel was time barred under Okla. Stat. tit. 12,

---

*Id*., ¶ 19. These allegations, without more, are insufficient to state a claim against Defendant Whetsel.

[6] Defendant Whetsel further seeks dismissal of Plaintiff's § 1983 claim premised on any supervisory liability because Plaintiff failed to state a claim of a constitutional violation by Defendant Scott, his subordinate. *See, e.g., Martinez v. Beggs*, 563 F.3d 1082, 1092 (10th Cir. 2009) ("Likewise, [Sheriff] Beggs cannot be held liable in his individual capacity . . . under a theory of supervisory liability, when there was no violation of [plaintiff's] constitutional rights [by any individual county defendant]."). By separate order entered contemporaneously with this Order, the Court has found that Plaintiff has failed to state a claim against Defendant Scott for a violation of his constitutional rights and, therefore, dismissal of Plaintiff's claim against Sheriff Whetsel under a theory of supervisory liability is also proper on this basis.

§ 95(11).[7] Plaintiff does not contest that his claim is untimely. *See* Pl.'s Obj. at 1 ("Plaintiff understands his claim was brought outside the 1 year period by 38 days.").[8] Instead, Plaintiff claims the Court should allow equitable tolling of the limitations period. In support, Plaintiff states the following:

> Plaintiff contends that due to his injury and subsequent surgeries and MRSA infection, Plaintiff was placed with a 'indescribable' heavy burden to timely pursue his state claim due to the fact [while] that the clock on his state law claim was ticking Plaintiff was literally under going [sic] two separate surgeries to correct damage and blood infection from the injuries that stemmed from this instant claim. Surgeries were preformed [sic] at Lindsay

---

[7] Section 95(A)(11) provides:

> A.   Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
>
> 11. All actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of one of the following:
>
>> a. the State of Oklahoma,
>>
>> b. a contractor of the State of Oklahoma, or
>>
>> c. a political subdivision of the State of Oklahoma,
>
> to include, but not be limited to, the revocation of earned credits and claims for injury to the rights of another, shall be commenced within one (1) year after the cause of action shall have accrued[.]

Okla. Stat. tit. 12, § 95(A)(11).

[8] The Magistrate Judge deemed the limitations period to have commenced on the day of the altercation between Plaintiff and Stamps, October 28, 2015. *See* R&R at 18. It appears, however, that Plaintiff's claim of intentional infliction of emotional distress is premised, in part, on his continued placement in proximity to Stamps after the altercation. To that end, the record shows, based on Plaintiff's own allegations, that Stamps was moved away from Plaintiff as of November 4, 2015. *See* Petition [Doc. No. 1-3] at 14. Even utilizing that later date, however, Plaintiff's claim remains untimely. His original Petition (filed in state court) was signed on November 16, 2016 and filed on December 5, 2016. In any event, as set forth, Plaintiff concedes that his claim is untimely and objects only to the issue of equitable tolling.

9

> Oklahoma Hospital while Plaintiff was incarcerated at the Oklahoma Department of Corrections Stringtown Facility. Plaintiff prays that due to the extenduating [sic] circumstances surrounding Plaintiff's technically untimely filed state law claim of intentional infliction of emotional distress, disadvantaged Plaintiff's ability to timely perfect his state law claim.

Pl.'s Obj. at 1-2.

Under Oklahoma law, tolling of the limitations period is permitted in limited circumstances including: (1) a legal disability "in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority"; or (2) when defendants "engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations and citations omitted). In an appropriate case, "exceptional circumstances" may also justify tolling of the statute of limitations. *Id*.

Here, Plaintiff does not meet his burden. Assuming Oklahoma law would allow equitable tolling on grounds related to medical treatment, Plaintiff's allegations concerning his medical treatment fail to supply critical facts. Importantly, Plaintiff does not state how long he received the medical treatment or explain how that medical treatment prevented his ability to timely file his claim. In responding to Defendant Whetsel's Motion, Plaintiff states only that "once in the Dept. of Corrections" he underwent two surgeries "in 2016"; that he was not able to walk for two weeks after the surgeries; and that because MRSA is highly contagious, he was housed away from other inmates." *See* Pl.'s Resp. [Doc. No. 44] at 10. Although the Court is sympathetic to Plaintiff's circumstances, under Oklahoma law "[e]xceptions to statutes of limitations are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*,

10

901 P.2d 807, 813 (Okla. 1995). Plaintiff has failed to show that he suffered a legal disability, that Defendants lulled him into inaction during the one-year limitations period or otherwise show that he was precluded from timely filing a complaint. Accordingly, the Court finds Plaintiff's state law claim for intentional infliction of emotional distress is untimely and the claim is dismissed for failure to state a claim upon which relief may be granted.

V. **Conclusion**

For the reasons set forth, the Court DECLINES to adopt the Report and Recommendation in part and ADOPTS the Report and Recommendation in part. Plaintiff has failed to state a plausible claim for relief against Defendant Whetsel in his individual capacity pursuant to 42 U.S.C. § 1983 and dismissal of the claim on grounds of qualified immunity is proper. Plaintiff's state law claim against Defendant Whetsel for intentional infliction of emotional distress is time barred.

IT IS THEREFORE ORDERED that Defendant Whetsel's Motion to Dismiss [Doc. No. 35] is GRANTED and Plaintiff's claims against Defendant Whetsel are DISMISSED WITH PREJUDICE.[9]

IT IS SO ORDERED this 6th day of May, 2019.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[9] Based on the findings set forth and because Plaintiff has filed multiple amendments already, the Court deems further amendment of the Third Amended Complaint would be futile and, therefore, finds dismissal with prejudice is proper.