IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAUSHI TEAREZ TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-36-SLP ) |
| BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OKLAHOMA, et al., | ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 53] of United States Magistrate Judge Shon T. Erwin. The Report and Recommendation addresses the Motion to Dismiss of Defendant Stephen Scott [Doc. No. 42]. Magistrate Judge Erwin has recommended dismissal of Plaintiff's individual capacity claim brought pursuant to 42 U.S.C. § 1983 based on qualified immunity and dismissal of Plaintiff's state law claim for intentional infliction of emotional distress for failure to state a claim upon which relief may be granted. Plaintiff objects to the dismissal of his § 1983 claim but has not addressed the state law claim and, therefore, has waived any objection to dismissal of the state law claim. *See* Pl.'s Obj. [Doc. No. 57].

**I.    Introduction**

At all times relevant to the claims alleged, Plaintiff was a pretrial detainee housed at the Oklahoma County Detention Center (OCDC). On October 28, 2015 another inmate, Demetrius Stamps, stabbed Plaintiff in the lower right back and in the lower right leg. Plaintiff required medical treatment as a result.

Defendant Scott was an employee of the OCDC and present at the time of the incident. Plaintiff's § 1983 claim against Defendant Scott in his individual capacity alleges Defendant Scott failed to protect him from being attacked and stabbed by Mr. Stamps.

## II. Governing Standard

Plaintiff's objection to the Report and Recommendation triggers de novo review by this Court of the proposed findings or recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

### A. Plaintiff's Pro Se Status

The Court liberally construes the allegations of a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. But "this rule of liberal construction stops . . . at the point at which [the court] begin[s] to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

### B. Failure to State a Claim Upon Which Relief Can be Granted

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of the complaint is proper if the plaintiff fails to plead allegations sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).

In reviewing the sufficiency of the allegations, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quotations and citation omitted). A plaintiff must set forth specific factual allegations to support each claim, i.e., "mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quotations and citation omitted). A claim has facial plausibility when the plaintiff had "pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotations and citations omitted).

### C.    Qualified Immunity

Qualified immunity is immunity from suit, rather than a mere defense to liability. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation marks omitted). To resolve a claim of qualified immunity, the Court must consider two elements: (1) whether the plaintiff has alleged a constitutional violation, and (2) whether the violated right was "clearly established" at the time of the violation. *Id*. at 230–31. "The judges of the district courts . . .[may] exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236. Qualified immunity is applicable unless the plaintiff

3

can satisfy both prongs of the inquiry. *Id*. at 232. When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).

### III. <u>Analysis</u>

#### A. Plaintiff's Section 1983 Claim Against Defendant Scott

##### 1. Allegations of Plaintiff's Third Amended Complaint

Plaintiff alleges a violation of his constitutional rights arising from Defendant Scott's alleged failure to protect him from Stamp's attack. In support of this claim, Plaintiff alleges that on October 28, 2015, he was a pretrial detainee at the OCDC and housed in the medical unit. Third Am. Compl. [Doc. No. 30], ¶ 5. At approximately 8:00 p.m that evening, Plaintiff and another detainee, Demetirius Stamps, became involved in an altercation with one another. *Id*., ¶ 6. Defendant Scott observed a "heated argument" between Plaintiff and Stamps and did not intervene until they began to physically assault one another. *Id*., ¶ 7. At that point, Defendant Scott "banged on the window of the Office bubble station . . . ." *Id*., ¶ 8. In response, Plaintiff told Defendant Scott that the two detainees were fighting because Stamps was threatening to kill Plaintiff. *Id*., ¶ 9. Plaintiff then walked away from Stamps but Stamps continued to "yell throughout the Pod that he was going to kill Plaintiff, as soon as his cell door opened." *Id*.

Shortly thereafter, Officer Nicoles (not a defendant in this action) permitted Stamps to enter his cell and locked him inside. *Id*., ¶ 10. While locked in his cell, Stamps made a knife. *Id.*, ¶ 11. Approximately 30 minutes later, a medical nurse (also not a defendant in this action) who came to pass out medication unlocked Stamps cell and released him back

into the pod. *Id*. Stamps then tried to corner Plaintiff by a kiosk machine and yelled that he was going to stab Plaintiff. *Id*. Defendant Scott observed Stamps corner Plaintiff. *Id*., ¶ 12. Defendant Scott called Officer Miller, who had just left the pod. *Id*. Officer Miller arrived and ordered Stamps to reveal his hands and "cuff up." *Id*.. Stamps refused and continued to corner Plaintiff. *Id*.. Stamps then chased Plaintiff down and stabbed him once in the lower right back and once in the lower right leg. *Id*., ¶¶ 5-13.

Based on these facts, in Count I Plaintiff alleges that "Defendant's employees acted with deliberate indifference for the safety of Plaintiff in violation of the Fourteenth Amendment to the United States Constitution . . . ." *Id*., ¶ 14. And in Count II Plaintiff alleges "deliberate/reckless indifference to the safety of Plaintiff and all other similarly situated pre-trial detainees." *Id*., ¶¶ 15-26.

In moving for dismissal of this claim, Defendant Scott similarly characterized the facts of the Third Amended Complaint in support of this claim as follows:

> The facts as admitted by Plaintiff establish that on October 28, 2015, he got into a verbal altercation with Demetirius Stamps, another inmate, during which Stamps threatened to kill Plaintiff. The two were separated and briefly returned to their cells as a nurse entered the pod to distribute medications. Once in his cell, Stamps fashioned a weapon . . . . After being released from his cell a second time at the conclusion of med pass, Stamps attempted to corner Plaintiff. Upon seeing these events, Officer Scott called for assistance from Officer Miller. Miller was able to gain control of Stamps and disarm him.

Def.'s Mot. at 8-9.[1]

---

[1] Plaintiff does not allege that Officer Miller disarmed Stamps. To the contrary, Plaintiff alleges Stamps stabbed Plaintiff. In moving for dismissal, Defendant Scott relies upon multiple additional facts not alleged in the Complaint and not otherwise supported. The Court has not considered those additional facts.

5

Yet, the Magistrate Judge construed the "legal basis" of Plaintiff's claim against Defendant Scott narrowly and addressed the claim as based upon Defendant Scott's improper training regarding "blind spots" at the jail identified in an investigative report conducted by the Department of Justice (DOJ) as to the conditions at the OCDC. *See* R&R at 9-10.[2] The Magistrate Judge characterized Plaintiff's claim based on Defendant Scott's failure to protect him from Stamp's attack as a "new theory of liability" raised in his response to Defendant's Motion but not included in the Complaint. *See* R&R at 10 n, 4. The Court respectfully disagrees. The Third Amended Complaint encompasses a failure to protect claim premised on Stamp's attack and the actions which occurred in the pod. *See Hall*, supra, 935 F.2d at 1110. Indeed, as set forth above, Defendant Scott moved for dismissal construing the Complaint as alleging that very claim.

In objecting to the Report and Recommendation, Plaintiff points to the allegations of his Third Amended Complaint as set forth above and argues these allegations state a claim against Defendant Scott for failure to protect him from harm. The Court, therefore, reviews the sufficiency of these allegations to determine whether Plaintiff has stated a plausible claim for relief under § 1983 against Defendant Scott.

---

[2] Defendant Scott's motion to dismiss makes no reference to Defendant Scott's training, or lack thereof, in relation to "blind spots" at the OCDC. And the Court does not read the allegations of the Third Amended Complaint against Defendant Scott to be based upon such a theory.

### 2. Failure to Protect

The Eighth Amendment imposes a duty upon prison officials to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted); *see also Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015) ("More than three decades ago, this court held that the Eighth Amendment imposes a duty on prison officials to protect prisoners from violence as the hands of other inmates.") (citation omitted).³ However, it is not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. To establish a cognizable Eighth Amendment claim for failure to protect [an inmate from harm by other inmates], the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm[,] the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quotation marks omitted). "Mere negligence does not constitute deliberate indifference;

---

³ As a pretrial detainee, Plaintiff's claims are governed by the Due Process Clause of the Fourteenth Amendment. However, under Tenth Circuit precedent, the same Eighth Amendment standard governs this claim. *See Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018); *see also Goss v. Board of Cty. Comm'rs. of Creek Cty.*, 645 F. App'x 785, 792 (10th Cir. 2016) ("The rights of pretrial detainees are protected by the Fourteenth Amendment; for a § 1983 claim, the protections given to pretrial detainees are the same as those given to prisoners under the Eighth Amendment.") (citing *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002)). In a recent unpublished opinion, the Tenth Circuit noted that circuit courts are split as to whether the Supreme Court's decision in *Kingsley v. Hendrickson*, -- U.S. --, 135 S.Ct. 2466 (2015), alters this standard or whether the holding in *Kingsley* is limited to claims of excessive force brought by pretrial detainees. *See Estate of Vallina v. Cty. of Teller Sheriff's Office*, 757 F. App'x 643, 646-47 (10th Cir. 2018). But the Tenth Circuit declined to decide the issue. The parties do not argue for application of a different standard and based on existing Tenth Circuit precedent, the Court deems the appropriate standard governing Plaintiff's claims remains unchanged by *Kingsley*.

deliberate indifference is equivalent to recklessness in this context." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).

3.  **Deliberate Indifference**

In *Farmer*, the Supreme Court discussed at length the subjective component of a claim of deliberate indifference under the Eighth Amendment premised on a failure to protect.[4] A prison official cannot be held liable unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for condemnation, cannot under [Supreme Court precedent] be condemned as the infliction of punishment." *Id.* at 838.

Nonetheless, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. Additionally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844. In sum, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of

---

[4] Because the Court finds Plaintiff has not alleged facts sufficient to support the subjective component of his § 1983 claim, the Court deems it unnecessary to address the objective component.

8

confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Here, Plaintiff alleges facts sufficient to demonstrate Defendant Scott witnessed a physical altercation between Plaintiff and Stamps and intervened by "bang[ing] on the window at which time he was told by Plaintiff that Stamps was threatening to kill him. "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541-42 (8th Cir. 1996).

Plaintiff does not allege any facts to show that either detainee was injured as a result of the physical altercation. Nor does Plaintiff allege facts to show that he asked to be separated from Stamps or that he be removed from the pod for his own protection. Instead, Plaintiff alleges that he "walked away" from Stamps without the need for further intervention by Defendant Scott. *Cf. Szymanski v. Benton*, 289 F. App'x 316, 320 (10th Cir. 2008) ("We decline to adopt a general rule imposing on prison guards an affirmative duty to inquire privately whether a prisoner fears for his safety . . . .").

Other employees at the OCDC then arrived on the pod to conduct a sight check and distribute medication. The actions of these employees resulted in both Plaintiff and Stamps being returned to their cells. And, for a period of time, therefore, the situation was diffused.

Plaintiff does not allege facts demonstrating that Defendant Scott or any other OCDC employee was aware of Stamps making a knife in his cell. Nor does Plaintiff allege any facts demonstrating Defendant Scott was aware of any history of altercations between the two. In fact Plaintiff fails to allege any facts explaining the basis for the animus

9

between Plaintiff and Stamps. *Cf. Howard v. Waide*, 534 F.3d 1227, 1238 (10th Cir. 2008) (court must consider "background information that might inform prison officials of 'obvious risks'").

When Stamps was later released from his cell and cornered Plaintiff, Defendant Scott immediately called for help. According to Plaintiff's own allegations, the responding officer, Officer Miller, ordered Stamps to reveal his hand and "cuff up" – before Stamps stabbed Plaintiff – but Officer Miller was unsuccessful in preventing the attack. "[T]he Eighth Amendment requires only 'reasonably safety'" and a prison official is not liable if "[he] responds reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 1239 (describing "reasonable safety" inquiry as an additional hurdle to establishing a constitutional violation) (quotations and citation omitted). To determine whether an officer has acted reasonably, the court considers the actions, if any, taken and any available alternatives that might have been known to the officer. *Id*. at 1240; *see also Tafoya v. Salazar*, 516 F.3d 912, 918 (10th Cir. 2008) ("A prison official may be held liable for a substantial risk of serious harm to inmates in spite of efforts reasonably calculated to reduce the risk, if he *intentionally refuses other reasonable alternatives* and the dangerous conditions persist.") (emphasis added).

The Court finds the allegations of Plaintiff's Third Amended Complaint describe at best negligent conduct but not deliberate indifference. With respect to the initial altercation between Plaintiff and Stamps, Defendant Scott intervened by banging on the pod window and the situation diffused itself. Plaintiff did not seek any further protection from Defendant Scott or inform him, or any other OCDC employee, that he remained fearful of

further attack. Although he does allege Stamps continued to make verbal threats, as set forth, such threats are common amongst inmates. With respect to the subsequent attack, Defendant Scott immediately called for help from Officer Miller who arrived on the scene and attempted to intervene before Plaintiff was stabbed. Under these circumstances, Plaintiff's allegations fail to demonstrate Defendant Scott did not act reasonably under the circumstances. Accordingly, albeit for reasons different from those set forth in the Magistrate Judge's Report and Recommendation, the Court concludes that Plaintiff has failed to state a claim upon which § 1983 relief can be granted and, therefore, that Defendant Scott is entitled to qualified immunity.

### B. Plaintiff's State Law Claim

As set forth, Magistrate Judge Erwin recommended dismissal of Plaintiff's state law claim for intentional infliction of emotional distress as untimely. Plaintiff did not object to this finding and, therefore, has waived review of that claim. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### IV. Conclusion

For the reasons set forth, the Court ADOPTS the Report and Recommendation to the extent Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against Defendant Scott in his individual capacity is dismissed on grounds of qualified immunity as Plaintiff has failed to state a violation of his constitutional rights. Additionally, the Court ADOPTS the Report and Recommendation as to Plaintiff's state law claim for intentional infliction of emotional distress and dismisses that claim with prejudice.

IT IS THEREFORE ORDERED that Defendant Scott's Motion to Dismiss [Doc. No. 42] is GRANTED and Plaintiff's claims against Defendant Scott are dismissed WITH PREJUDICE.[5]

IT IS SO ORDERED this 6th day of May, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[5] Based on the findings set forth and because Plaintiff has filed multiple amendments already, the Court deems further amendment of the Third Amended Complaint would be futile and, therefore, finds dismissal with prejudice is proper.